UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>   Plaintiff,<br><br>   v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>   Defendants. | Case No. 20-cv-07067-JD<br><br>**ORDER OF SERVICE** |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was held for 58 days from his arrest until arraignment. An arrestee has a Fourth Amendment right to a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). A jurisdiction that provides judicial determinations of probable cause within forty-eight hours of arrest will, as a general matter, meet the promptness requirements. *Id.* at 56-57; *see, e.g.*, *Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 950 (9th Cir. 2018) (because there was a judicial determination 43 hours after arrest and plaintiff was released after 47 hours of detention, "the burden [was] on the plaintiff to prove that the determination was delayed unreasonably"); *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055-56 (9th Cir. 2004) (upholding city's post-arrest probable cause determination process on pre-printed form with sworn certification within 48 hours of time of arrest).

Even where probable cause exists, the arrestee may have a due process right to be released within a reasonable time after the reason for his detention has ended. *Brass v. County of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003). It is doubtful that the forty-eight hour period applied to probable cause determinations is also appropriate for effectuating the release of

2

prisoners whose basis for confinement has ended, *Berry v. Baca*, 379 F.3d 764, 771-72 (9th Cir. 2004), although both the Fourth and Fourteenth Amendments permit a "reasonable postponement" of a prisoner's release "while the County copes with the everyday problem of process the release of the large number of prisoners who pass through its incarceration system." *Brass*, 328 F.3d at 1202 (quoting *McLaughlin*, 500 U.S. at 55) (internal citations and brackets omitted). *See id.* at 1200-01 (no due process violation where County's 39 hour delay in releasing prisoner was justified and reasonable in light of its administrative responsibilities processing large number of prisoner releases).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Plaintiff states he was taken into custody under a probable cause warrant in 2018 and then later admitted into the hospital but was still denied an arraignment for 58 days. He states that a remote arraignment could have occurred, but the county has a policy to deny them. Liberally construed, these troubling allegations are sufficient to state a claim against Alameda County Sheriff Ahern, Oakland Police Detective/Inspector Nicole Allen, Oakland Police Chief Kirkpatrick and Alameda County. Plaintiff also names the Alameda County Superior Court as a defendant but provides no specific allegations against any individual defendant at the court. This defendant is dismissed with prejudice.

3

**CONCLUSION**

1. Defendant Alameda County Superior Court is **DISMISSED** from this action. The case continues against the remaining defendants. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 10) with attachments and copies of this order on Alameda County Sheriff Ahern, Oakland Police Detective/Inspector Nicole Allen, Oakland Police Chief Kirkpatrick and Alameda County.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d.     If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   3.     All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

   4.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

   5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 14, 2021

                                             JAMES DONATO  
                                             United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.